# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>**Other:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee – Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE                                      DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE                         SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.     Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case.  Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.     Related/Refiled Cases**.  This section of the JS 44 is used to reference related pending cases or re-filed cases.  Insert the docket numbers and the corresponding judges name for such cases.

**VII.     Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                    Example: U.S. Civil Statute: 47 USC 553
                                                                      Brief Description: Unauthorized reception of cable service

**VIII.     Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JAMES POOLE, on behalf of himself
and all others similarly situated,

   Plaintiff,

v.

WAL-MART STORES, INC.

   Defendant.
_____/

CASE NO.:

**CLASS REPRESENTATION**

# CLASS ACTION COMPLAINT

Plaintiff, James Poole, individually and on behalf of all others similarly situated, sues Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") and states as follows:

## NATURE OF THE ACTION

1. This is a putative class action brought by Plaintiff, James Poole, pursuant to Federal Rule of Procedure 23, on behalf of himself and (1) all persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the complaint (6) where Wal-Mart did not have express written consent to call said cellular telephone number (the "Class").

2. Plaintiff seeks damages and injunctive relief resulting from the illegal actions of Wal-Mart in contacting Plaintiff and Class members on their cellular telephone for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The TCPA prohibits calls to cellular telephones using prerecorded or artificial voices without prior express written consent of the called party.

3. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991 . . . ." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012). "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

4. The TCPA regulates, among other things, the use of prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

5. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

6. On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. In re Rules and Regulations Implementing the TCPA, 27 FCC Rcd. 1830, 1838-40 (2012). Pursuant to FCC rules, effective October 16, 2013, unambiguous written consent is required before a telemarketer makes an autodialed or prerecorded call to a wireless number, and there is no exception for telemarketers that have an established business relationship with the consumer.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff James Poole ("Poole") is and at all times mentioned herein was an individual person residing in the state of Florida.

8.      Defendant, Wal-Mart, is a Delaware corporation that maintains its headquarters at 702 SW 8th Street, Bentonville, Arkansas.  Wal-Mart is the world's largest public corporation and operates retail stores throughout the United States.  There are nearly 300 Wal-Mart affiliated stores throughout Florida.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §1331.

10.     Personal jurisdiction and venue in this District are proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

11.     Many Wal-Mart stores have pharmacies. In a quest to compete with other pharmacies, Wal-Mart implemented a telemarketing tool in which it made automated calls to prior customers of Wal-Mart's pharmacies and others using an artificial or prerecorded voice in order to solicit Wal-Mart's services with regard to prescription medications.

12.     Because the prerecorded calls were for telemarketing purposes, Wal-Mart was required to have express written consent prior to making the calls.

13.     Wal-Mart was also required to allow consumers to opt out of these calls via an automated, interactive voice-and/or key press-activated opt-out mechanism and to honor requests by consumers to opt out.

14.     Prior to making the prerecorded calls, Wal-Mart did not obtain express consent of consumers, including Plaintiff, as required by the TCPA.

15. In addition, Wal-Mart did not comply with the TCPA's requirements for allowing consumers, including Plaintiff, to opt out of the prerecorded calls.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

16. Several years after patronizing Wal-Mart's pharmacy, Plaintiff began receiving automated prerecorded voice messages from Wal-Mart relating to prescription medications even though Plaintiff had no prescriptions with Wal-Mart. Plaintiff never provided express consent to receive prerecorded or artificial voice calls to his cellular telephone from Wal-Mart.

17. In fact, at the time the calls started, Plaintiff was not a customer of Wal-Mart's pharmacy, but instead was a customer of a pharmacy of a competitor of Wal-Mart.

18. Wal-Mart continued to send prerecorded calls relating to prescriptions despite Plaintiff's attempts to stop Wal-Mart from continuing to make the calls.

19. The prerecorded calls were for telemarketing purposes as the purpose of the calls was to have Plaintiff refill his prescriptions with Wal-Mart instead of Wal-Mart's competitors. In addition, the prerecorded messages received by Plaintiff stated to press a number to opt out of receiving the calls. Yet, every time Plaintiff pressed the number to opt out of the calls, instead of accepting his request to opt out, the message replayed. Accordingly, Wal-Mart failed to honor Plaintiff's request to opt out of receiving the calls, and failed to comply with the TCPA's requirement that consumers be allowed to opt out via an automated, interactive voice-and/or key press-activated opt-out mechanism.

20. Plaintiff even called Wal-Mart's corporate office in order to ask for the calls to stop, but was told that they could not help.

## **CLASS ALLEGATIONS**

21. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class and Subclasses:

### TCPA Class

(1) All persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the Complaint (6) where Wal-Mart did not have express written consent to call said cellular telephone number (the "Class").

### TCPA Former/Non-Customer Subclass

(1) All persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the Complaint (6) where Wal-Mart called when the person did not have any pending prescriptions with Wal-Mart and Wal-Mart did not have express written consent to call ("Subclass A").

### TCPA Revocation Subclass

(1) All persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the Complaint (6) where Wal-Mart called after the person opted out or revoked consent to be called ("Subclass "B").

22. Plaintiff represents and is a member of the Class and Subclasses. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

23. Plaintiff does not know the exact number of members in the Class, but based upon the size, national scope of Wal-Mart and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Class numbers in the thousands at a minimum.

24. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Wal-Mart.

25. There are questions of law and fact common to the members of the Class and Subclasses, which common questions predominate over any questions that affect only individual Class and Subclass members. Those common questions of law and fact include, but are not limited to, the following:

  i. Whether Wal-Mart engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;

  ii. Whether the calls at issue were for telemarketing purposes;

  iii. Whether Wal-Mart had prior express consent to place the calls;

  iv. Whether Wal-Mart failed to allow consumers to opt out of the calls;

  v. Whether Wal-Mart negligently violated the TCPA; and

  vi. Whether Wal-Mart willfully violated the TCPA.

26. As a person who received telephone calls from Wal-Mart using an artificial or prerecorded voice to his cellular phone relating to prescription medications without his prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

27. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as Wal-Mart did not attempt to obtain consent required by the TCPA prior to placing the calls.

29. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA

30. Plaintiff incorporates the allegations of Paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff brings this claim on behalf of the Class, Subclass A and Subclass B.

32. Wal-Mart made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other members of the Class and Subclasses using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the

other members of the Class or Subclasses.

33. Wal-Mart has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."

34. Each of the aforementioned calls by Wal-Mart constitutes a negligent violation of the TCPA.

35. In addition, Wal-Mart failed to allow Plaintiff and members of Subclass B to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

36. As a result of Walmart's negligent violations of the TCPA, Plaintiff and the members of the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. ¶ 227(b)(3)(B).

37. Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

38. Plaintiff incorporates the allegations of Paragraphs 1 through 29 as if fully set forth herein.

39. Plaintiff brings this claim on behalf of the Class and Subclasses A and B.

40. Wal-Mart made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other members of the Class and Subclasses using prerecorded or artificial voices.

41. These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class or Subclasses.

8

42.     Wal-Mart has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."

43.     Each of the aforementioned calls by Wal-Mart constitutes a willful violation of the TCPA.

44.     In addition, Wal-Mart failed to allow Plaintiff and members of Subclass B to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

45.     As a result of Walmart's willful violations of the TCPA, Plaintiff and the members of the Class are entitled to an award of $1500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. ¶ 227(b)(3)(B).

46.     Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

    A.     Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

    B.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    C.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    D.     Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Respectfully submitted,

/s/ John A. Yanchunis
John A. Yanchunis, Esq.
Florida Bar No.: 324681
Tamra C. Givens, Esq.
Florida Bar No.: 567538
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, FL 33602
813.223.5505 (office)
813.275-9295 (fax)

Sergei Lemberg, Esq. (Pro Hac Vice to be filed)
LEMBERG LAW LLC
1100 Summer Street, Third Floor
Stamford, CT, 06905
203.653.2250 x5500 (office)
203.653.3425 (fax)
slemberg@lemberglaw.com

Keith J. Keogh (Pro Hac Vice to be filed)
Timothy Sostrin (Pro Hac Vice to be filed)
Michael Hilicki (Pro Hac Vice to be filed)
Kathern Bowen (Pro Hac Vice to be filed)
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois    60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com